**This order is SIGNED.**



**Dated: July 12, 2016**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

*Prepared and submitted by:*

Mona L. Burton, #5399
Sherilyn A. Olsen, #9418
Ellen E. Ostrow, #14743
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Fax: (801) 799-5700
solsen@hollandhart.com
mburton@hollandhart.com
eeostrow@hollandhart.com
  *Attorneys for Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 16-24384 |
|---|---|
| M SPACE HOLDINGS, LLC, | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

**ORDER (1) AUTHORIZING THE SALE OF CERTAIN MODULAR UNITS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (2) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASE; AND (3) WAIVING THE 14-DAY STAY OTHERWISE APPLICABLE UNDER BANKRUPTCY RULES 6004 AND 6006**

The matter before the Court is the Motion for Order: (1) Authorizing the Sale of Certain Modular Units Free and Clear of Liens, Claims, Encumbrances, and Interests; (2) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases; and (3) Waiving the 14-day Stay Otherwise Applicable Under Bankruptcy Rules 6004 and 6006 (the "**Motion**")[1], filed on June 16, 2016, by M Space Holdings, LLC (the "**Debtor**").  No Objections to the Motion were filed.

The Court, having considered the Motion and having determined that good cause exists for granting the relief sought through the Motion, **HEREBY FINDS AND DETERMINES THAT**:

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, cause exists to waive all applicable stays and expressly directs entry of judgment as set forth herein.

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4. The statutory predicates for the relief requested in the Motion are Sections 105(a), 363(b), (f), and (m), and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), and 9014.

5. Actual written notice of the Sale Hearing, the Auction, the Motion, the sale of the Assets, the assumption, assignment and sale of the Assigned Contracts and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and granted by this Order has been afforded to all known interested persons and entities, including, but not limited to the following parties (the "**Notice Parties**"): (i) the United States Trustee; (ii) counsel to the Secured Lenders (iii) the Unsecured Creditors Committee appointed in the Case (the "**Committee**"), (iv) counsel to all known parties asserting an interest in or lien on the Assets; (v) all parties on the Debtor's Mailing Matrix; (vi) all non-Debtor parties to each executory contract and unexpired lease relating to the Assets to which the Debtor is a party; (vii) all potential bidders previously identified or otherwise known to the Debtor.

6. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, Bid Procedures, Auction, Sale Hearing, and sale of the Assets has been provided to all interested parties in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. The notice provided is good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, Auction, Sale Hearing, sale of the Assets, or assumption and assignment of the Leases is required.

7. The Court previously approved the Bid Procedures related to the Motion on June 28, 2016.

8. The Debtor has properly employed the Bid Procedures, and has articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the sale of the Assets.

9. No competing offers were received for the purchase of the Assets. Accordingly, Vesta Housing Solutions, LLC ("**Vesta**") is the "Successful Bidder" pursuant to the Bid Procedures.

10. The Agreement, substantially in the form attached hereto as **Exhibit 1**, is (1) the highest and best offer received by the Debtor for the Assets; (2) fair and reasonable; (3) in the best interest of creditors and the bankruptcy estate.

11. The Debtor's decision to enter into the Agreement is a reasonable exercise of the Debtor's sound business judgment consistent with its fiduciary duties and is in the best interest of creditors, the estate, and all other parties in interest.

12. The transaction contemplated by the Agreement does not include the sale or lease of personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code.

13. The Debtor is the sole and lawful owner of the Assets, and the Assets are property of the Debtor's estate pursuant to 11 U.S.C. § 541(a). A sale of the Assets other than one free and clear of liens, claims, encumbrances, defenses (including, without limitation, rights of setoff and recoupment), and interests to the fullest extent of the law of any kind or nature (collectively, "**Liens**") and without the protections of this Order would hinder the Debtor's ability to obtain the consideration provided for in the Agreement. In addition, each entity with a Lien or other encumbrance upon the Assets, (1) has consented to the sale and disposition of the Assets in the manner contemplated by the Agreement and this Order or is deemed to have consented to the

sale and disposition of the Assets in the manner contemplated by the Agreement and this Order; (2) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (3) otherwise falls within the provisions of 11 U.S.C. § 363(f), and therefore, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)–(5) has been satisfied. Those holders of Liens who did not object, or who withdrew its objections, to the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Therefore, approval of the Agreement and the consummation of the sale of the Assets free and clear of Liens are appropriate pursuant to 11 U.S.C. § 363(f) and are in the best interest of creditors and the estate.

14. The consideration to be paid by the Successful Bidder under the Agreement was negotiated at arm's-length, constitutes reasonably equivalent value, and fair and adequate consideration. The Agreement was not entered into for the purpose of, nor does it have the effect of, hindering, delaying or defrauding the Debtor or its creditors under any applicable laws.

15. The Debtor, its members, management and board of directors, and the Successful Bidder and its officers, directors, employees, agents and representatives actively participated in the bidding process and acted in good faith. The Agreement was negotiated and entered into based upon arm's length bargaining, without collusion or fraud, and in good faith as that term is used in 11 U.S.C. § 363(m). The Debtor was free to deal with any other party interested in buying the Assets. Neither the Debtor nor the Successful Bidder have engaged in any conduct that would cause or permit the sale of the Assets, the Agreement or any related action or the transactions contemplated thereby to be avoided under 11 U.S.C. § 363(n), or that would prevent the application of 11 U.S.C. § 363(m). The Successful Bidder has not violated 11 U.S.C. § 363(n) by any action or inaction. Specifically, the Successful Bidder has not acted in a collusive

manner with any person and was not controlled by any agreement among bidders. The Successful Bidder's prospective performance and payment of amounts owing under the Agreement are in good faith and for valid business purposes and uses.

16. The Successful Bidder is not an "insider" or "affiliate" of the Debtor as those terms are defined in 11 U.S.C. § 101(31). No common identity of directors or controlling stockholders exists between the Successful Bidder and the Debtor.

17. Subject to the entry of this Order, the Debtor (i) has full corporate or other power to execute, deliver and perform its obligations under the Agreement and all other transactions contemplated thereby, and entry into the Agreement has been duly and validly authorized by all necessary corporate or similar action, (ii) has all of the corporate or other power and authority necessary to consummate the transactions contemplated by the Agreement, and (iii) has taken all actions necessary to authorize and approve the Agreement and the transactions contemplated thereby. No consents or approvals, other than those expressly provided for herein or in the Agreement, are required for the Debtor to consummate the sale of the Assets.

**ACCORDINGLY, THE COURT HEREBY ORDERS AS FOLLOWS**:

1. The Motion is GRANTED as set forth herein.

2. All objections (if any) to the Motion or to any relief requested in the Motion that have not been withdrawn, waived, or settled, and all reservations of rights (if any) included therein, are overruled.

3. Subject to the provisions of this Order, the Agreement is approved pursuant to 11 U.S.C. §§ 105 and 363. The Debtor is hereby authorized, empowered and directed to enter into and perform under the Agreement, which Agreement shall be binding on all parties (including,

without limitation, the Debtor, the Committee, any successor Chapter 7 or Chapter 11 trustee, and all other parties in interest) without further order of the Court. The Agreement is hereby approved in its entirety and is incorporated herein by reference. The failure to include specifically any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement and all of its provisions, payments and transactions, be authorized and approved in its entirety. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

4.  The Debtor is authorized, pursuant to 11 U.S.C. §§ 105 and 363(b) and (f), to sell the Assets in the manner contemplated by the Agreement, free and clear of any and all Liens.

5.  The sale of the Assets under the Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, but not limited to the laws of the state in which the Assets are located. The transaction approved by this Order is not subject to avoidance pursuant to 11 U.S.C. § 363(n).

6.  Subject to the provisions of this Order, the Debtor and the Successful Bidder are hereby authorized, pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1), to consummate the sale of the Assets in accordance with the Agreement.

7.  Pursuant to 11 U.S.C. § 363(b), the Debtor, the Successful Bidder and each of its respective officers, employees and agents are hereby authorized and directed to execute such documents and to take any and all such actions as may be necessary or desirable to consummate the sale of the Assets and effectuate or implement the Agreement.

8. Pursuant to 11 U.S.C. § 365(f), the Debtor is authorized to assume and assign its rights and interests in the following executory contracts to the Successful Bidder (collectively, the "**Assigned Contracts**"): Debtor's contract with Houston-Galveston Area Council of Governments ("**H-GAC Contract**") and Purchase Order #184488 with The School Board of Alachua County, Gainsville, Florida.  The assignment of the Debtor's interests in the H-GAC Contract is limited to the assignment of the Debtor's rights to sell the Assets, or a portion thereof, to Nassau and Alachua Counties in Florida.  The Debtor shall retain the portion of the H-GAC Contract not assigned to the Successful Bidder and the Debtor shall be relieved of any further liability with respect to the portion of the H-GAC Contract that is assigned to the Successful Bidder.

9. The Debtor is not in default on the Assigned Contracts and no cure amounts are owed.  Accordingly, the "adequate assurance" requirements of 11 U.S.C. § 365(f)(2)(B) have been satisfied.

10. This Order and the terms and provisions of the Agreement shall be binding on all of the Debtor's creditors (whether known or unknown), the Debtor, the Successful Bidder and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Assets, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.

11. The provisions of this Order and the terms and provisions of the Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be

entered converting the Debtor's case from Chapter 11 to Chapter 7, and the terms and provisions of the Agreement, as well as the rights and interests granted pursuant to this Order and the Agreement, shall continue in these or any superseding case and shall be binding upon the Debtor, the Successful Bidder and their respective successors and permitted assigns, including any trustees or other fiduciaries hereafter appointed as a legal representative of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code. Any trustee appointed in the Debtor's case shall be and hereby is authorized and directed to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Order and the Agreement, and the Successful Bidder and any such trustee shall be and hereby are authorized and directed to perform under the Agreement upon the appointment of the trustee without the need for further order of this Court.

12.    Entry into the Agreement is undertaken by the parties thereto in good faith, as that term is used in 11 U.S.C. § 363(m) of the Bankruptcy Code, and the Successful Bidder shall be protected by 11 U.S.C. § 363(m) in the event that this Order is reversed or modified on appeal. The reversal or modification on appeal of the authorization provided herein to enter into the Agreement and consummate the transaction contemplated thereby shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal. The Successful Bidder is entitled to all of the benefits and protections afforded by 11 U.S.C. § 363(m).

13.    Notwithstanding Bankruptcy Rules 4001, 6004 and 6006, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Successful Bidder are

free to perform under the Agreement at any time, subject to the respective terms thereof.

14. This Order constitutes an authorization of the conduct of the Debtor and the Successful Bidder in connection herewith.

15. Upon consummation of the sale of the Assets, GB shall be paid a commission and its expenses from the proceeds of the sale pursuant to the Order Authorizing the Retention and Employment of Gordon Brothers Commercial & Industrial, LLC as Asset Liquidator For the Debtor dated May 24, 2016. *See* Dkt. No. 43.

16. All remaining sales proceeds will be subject to the Interim Order Authorizing the Debtor's Use of Collateral and Cash Collateral and Granting Adequate Protection Claim and Lien and any final order related thereto, as applicable. *See* Dkt. No. 45.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

--- END OF ORDER ---

**Approved as to form:**

HAHN & HESSEN

/s/ Joshua I. Divack
Joshua I. Divack
*Attorneys for Secured Parties*
Office of U.S. Trustee

COOLEY LLP

*/s/ Janet D. Gertz*
Janet D. Gertz
Allison M. Rego
*Proposed Attorneys for Unsecured Creditors' Committee*

Office of U.S. Trustee

*/s/ Peter Kuhn*
Peter Kuhn
Trial Attorney for Office of U.S. Trustee

8887233_1

Exhibit 1

# M|S P A C E.

**SALES AGREEMENT**

This Sales Agreement ("Agreement") dated _____, 2016 is entered into by and between M Space Holdings, LLC located at 629 Parkway Drive, Park City, UT 84098 ("Seller") and VESTA Housing Solutions, LLC located at 335 E. Maple, Birmingham, MI, 48009 ("Buyer"), collectively referred to as the "parties".

Pursuant to the mutual covenants and agreements set forth herein and for other good and valuable consideration, the Buyer and Seller covenant and agree to be bound as set forth below.

Buyer agrees to purchase from Seller one or more modular and/or pre-fabricated structures ("Building(s)") as detailed more particularly as follows:

**BUILDING(S):**

| | |
|---|---|
| Description (including quantity, type, size & serial numbers) | 34 - Modular Classrooms 24x36 (Wet): CR00075 - 12897AB; CR00111 - 16030AB; CR00112 - 16031AB; CR00113 - 16032AB; CR00118 - 16037AB; CR00185 - 16046AB; CR00186 - 16047AB; CR00187 - 16048AB; CR00188 - 16049AB; CR00189 - 16050AB; CR00190 - 16051AB; CR00191 - 16052AB; CR00192 - 16053AB; CR00194 - 16055AB; CR00195 - 16056AB; CR00196 - 16057AB; CR00197 - 16058AB; CR00198 - 16059AB; CR00199 - 16060AB; CR00200 - 16061AB; CR00225 - 16028AB; CR00226 - 16042AB; CR00276 - 16062AB; CR00278 - 16064AB; CR00279 - 16065AB; CR00283 - 16069AB; CR00284 - 16070AB; CR00285 - 16071AB; CR00327 - 16516AB; CR00328 - 16517AB; CR00334 - 16077AB; CR00387 - 16846AB; CR00389 - 16848AB; CR00535 - 16840AB<br><br>9 - Modular Classrooms 24x36 (Dry): CR00290 - 16014AB; CR00291 - 16015AB; CR00292 - 16016AB; CR00293 - 16017AB; CR00294 - 16018AB; CR00295 - 16019AB; CR00296 - 16020AB; CR00299 - 16023AB; CR00300 - 16024AB |
| Location | Alachua County Schools - Various Locations |
| Description (including quantity, type, size & serial numbers) | 1 - Modular Restroom Bldg - 24x40: RR00001 - 52007-01/02<br>5 - Modular Classrooms - 24x36 (Dry): CR00087 - 15999AB; CR00089 - 16001AB; CR00253 - 16007AB; CR00297 - 16021AB; CR00298 - 16022AB<br>18 - Modular Classrooms - 24x36 (Wet): CR00114 - 16033AB; CR00115 - 16034AB; CR00116 - 16035AB; CR00117 - 16036AB; CR00330 - 16073AB; CR00331 - 16074AB; CR00332 - 16075AB; CR00333 - 16076AB; CR00386 - 16845AB; CR00388 - 16847AB; CR00390 - 16849AB; CR00391 - 16850AB; CR00392 - 16851AB; CR00393 - 16852AB; CR00394 - 16853AB; CR00395 - 16854AB; CR00400 - 16759AB; CR00531 - 16748AB |
| Location | Nassau County Schools - Various Locations |

**COSTS:**

| | |
|---|---|
| Building(s) | $1,200,00.00 |
| Delivery/Freight/Set-up | N/A |
| Total Contract Price (Does not include applicable State and Local Taxes. Purchaser is responsible for payment of all applicable sales tax) | $1,200,000 |

# M|SPACE.

## SALES AGREEMENT

☐ **(Check If Applicable)** Buyer acknowledges the Proposal, Purchase Order or any other documents attached to this Agreement and initialed by Buyer and Seller are incorporated by reference to the Agreement, and become a part of the Agreement.

Payments will be made to Seller as follows:

100 % of Contract Price within 3 business days of (i) entry of a final Bankruptcy Court order approving the sale and (ii) the completion of any auction process.

Additional Terms and Conditions: The Building(s) is being sold "As Is". Seller is NOT providing any warranties, expressed or implied. Buyer understands it is purchasing the Building "As Is", in its present condition and at its current location. Buyer is solely responsible for compliance with any applicable building codes. Seller has filed for protection under the bankruptcy laws of the United States of America, Chapter 11. As a result, Seller must seek approval from the Bankruptcy Court with jurisdiction to approve and thereafter finalize the sale in accordance with the terms of this Agreement. This Agreement is subject to higher and better offers. At any time, prior to the closing contemplated by this Agreement, the Seller may receive and accept an offer(s) from third parties to purchase the Buildings. Whether or not an offer is higher and/or better shall be determined by the Seller at its sole discretion. The Buyer shall be entitled to match any higher and/or better offer received by the Seller. If the Bankruptcy Court does not approve of this sale and/or the Seller accepts a higher and/or better offer from a third party for the Buildings, the parties shall maintain no obligations, performance or otherwise, under this Agreement, and this Agreement shall be void *ab initio*. At the time of closing following Seller obtaining approval from the Bankruptcy Court, the parties agree that the Court Order shall include a full release of any and all liens or encumbrances, and that all leases, executory contracts as well as the H-GAC contract, relative to the units purchased shall be assigned to Buyer, but with respect to the H-GAC contract only to the extent of Seller's procurement rights for Nassau County Florida and Alachua County Florida. Accordingly, and for the avoidance of doubt with respect to the H-GAC Contract assignment, Buyer expressly understands and acknowledges that Seller's assignment is limited to payments for which Seller was/is entitled to receive pursuant to the purchase orders issued to Seller by Nassau County Florida and Alachua County Florida for the subject units. Buyer will indemnify, defend and hold Seller harmless for any and all losses, damages, liabilities, demands, claims, suits, actions, costs and expenses, including, without limitation, attorney's fees arising out of or in connection with this purchase and/or Buyer's use or occupancy of the Building(s). The parties acknowledge the Buildings are subject to existing leases with current occupants. The Seller does hereby agree to, and will execute all reasonable documentation necessary therefor, to unconditionally effectuate the assignment of Seller's interests, right and title in and to such existing leases without reservation subject to the stipulations set forth above.

Time From Acceptance to Bankruptcy Court Approval. During the period from when Seller executes this agreement until final Bankruptcy Court Approval, all rental payments due shall continue to accrue but be held by the respective customers and paid to Buyer upon closing on the purchase described herein final bankruptcy court approval or paid to Seller in the event the Buyer fails to purchase the Buildings.

IN WITNESS WHEREOF, the parties, by their duly authorized officers, have signed, sealed and delivered this Agreement on the date noted above and below:

Seller: M Space Holdings, LLC

Signature: _____

Name (Printed): Jeff Deutschendorf

Title: CEO

Date: 6/11/16

Buyer: VESTA Housing Solutions, LLC

Signature: _____

Name (Printed): Daniel C. McMurtrie

Title: CEO

Date: 6/13/16